**FILED**

UNITED STATES BANKRUPTCY COURT

DEC - 8 2010

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7

8

In re

CHRISTOPHER BARRINGER,

            Debtor.

)
)
)
)
)
)
)
)
)

Case No. 10-31036-A-7

Motion Control No. None

Date: Ex parte
Time: Ex parte

9

**MEMORANDUM**

10      The chapter 7 debtor and a creditor, the Secretary of Labor,

11   U.S. Department of Labor, have lodged an order asking the

12   court to approve a stipulation making a debt of $46,868.81, plus

13   interest at the rate permitted by 26 U.S.C. § 6621, as well as a

14   civil penalty of 20% of the amount to be paid by the debtor,

15   nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4).

16      A review of the docket reveals that the creditor has not

17   filed a dischargeability complaint and the parties have not

18   entered into a reaffirmation agreement.  The debtor is

19   represented by an attorney.

20      The motion to approve the stipulation will not be approved.

21      There are two ways to do what the parties are attempting to

22   accomplish.  They can enter into a reaffirmation agreement and

23   request that the deadline to file a dischargeability complaint be

24   extended beyond the deadline for rescinding the reaffirmation

25   agreement.  See 11 U.S.C. § 524(c)(4).

26      Alternatively, a dischargeability complaint can be filed and

27   then the parties can enter into a stipulated judgment.  While the

28   stipulation purports to waive the necessity of filing a

dischargeability complaint, the waiver will not be approved by the court.

First, the stipulation is effectively a reaffirmation agreement that does not comply with 11 U.S.C. § 524. Second, Fed. R. Bankr. P. 7001 requires an adversary proceeding in order to obtain a determination that a debt is nondischargeable under section 523(a)(4).

While the court will not approve the stipulation, it is effectively a motion for a further extension of time to file a dischargeability complaint. The stipulation was filed on November 30, the day prior to the December 1 deadline for filing such complaints. The court will further extend the deadline through February 1, 2011 to give the parties an opportunity either to file a reaffirmation agreement with a stipulation to further extend the time to file dischargeability complaints, or a dischargeability complaint. No discharge will be entered by the clerk until after February 1.

Dated: 8 Dec. 2010

By the Court

Michael S. McManus
United States Bankruptcy Judge

2

# CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Eric Gassman
1830 15th St
Sacramento, CA 95811

Erica Loftis
2112 Business Center Dr 2nd Fl
Irvine, CA 92612

Jason Hoffman
3455 American River Dr #C
Sacramento, CA 95864

Rose Darling
Office of the Solicitor
90 7th St #3-700
San Francisco, CA 94103

Scott Hughes
1100 Melody Ln #207
Roseville, CA 95678

Christopher Barringer
PO Box 796
Roseville, CA 95678

Ryan Lucksinger
PO Box 1257
Rocklin, CA 95677

Dated: December 8, 2010

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus